MARGARET A. FAY, PLAINTIFF-APPELLANT, v. HUDSON TRUST COMPANY, EXECUTOR OF THE ESTATE OF ARTHUR VON BRIESEN, DEFENDANT-RESPONDENT.

Argued May 6, 1936—Decided July 25, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the plaintiff-appellant, *Aro G. Gabriel* (*John K. Shamsey,* of counsel).

For the defendant-respondent, *Leuly & Moser* (*George P. Moser,* of counsel).

BROGAN, CHIEF JUSTICE. This is an appeal from a judgment of nonsuit entered in the Hudson County Court of Common Pleas.

Plaintiff is a graduate registered nurse and had, for four years prior to the death of the decedent, a paralytic, been in attendance upon him. In the beginning of her service she was compensated at a rate which is customary for the kind of service she was rendering, which in this case called for being on hand constantly day and night. From January 1st, 1930, until October 1st, 1931, she agreed to serve for $200 a month and was paid at that rate. Thereafter, from October 1st, 1931, and until the decedent died, on March 29th, 1933, she received only $90 a month on account of the monthly salary of $200 a month, the decedent promising to pay the balance as soon as he was financially able to do so. The plaintiff testified, "he continued to pay me $90 a month with the balance to be paid when he sold his home or some cash came in that he expected."

The learned trial court nonsuited the plaintiff, claiming that she had the burden of proving that the decedent had sufficient funds to pay her and did not do so, and that in the absence of such proof there was a failure of a *prima facie* case. We do not agree with the construction placed upon the plaintiff's testimony by the court below. We interpret her testimony as to the agreement made with the decedent as a promise to pay what was due in the future. A promise to pay when one is financially able, as here, implies a promise to become financially able. We are impelled to this interpretation because any other construction would result in an injustice. Even if the meaning of the agreement were doubtful, which it is not, the law favors a construction of words of this kind as involving a promise to pay rather than as words of condition. It is clear to us that the decedent, whose promise to pay included the statement that he would do so "when he sold his home or when some cash came in that he expected," bound himself to a duty to bring about that better financial condition within a reasonable time.

No question is raised about the manner in which the contract was proved. We have not overlooked the case of *Voor-*

*hees* v. *Combs et al.,* 33 *N. J. L.* 494. This case is readily distinguished from the case before us. There the claimant sought compensation for "extra" services in an amount in excess of the sum for which she promised to serve. That is not the situation in this case.

The claimant here filed a sworn proof of claim within time. The executor bank rejected it. The estate, obviously, is being administered. If there are funds enough to pay this plaintiff, should she recover a judgment, and to pay other creditors, if any there be, all will be paid. If not, she will have the right to participate proportionately in the assets of the estate.

The judgment is reversed, and a *venire de novo* awarded.